**ELLIOTT–McGOWAN PRODUCTIONS,**
Plaintiff,

v.

**REPUBLIC PRODUCTIONS, Inc., and**
**Republic Pictures Corporation,**
Defendants.

United States District Court
S. D. New York.
Sept. 29, 1956.

Gainsburg, Gottlieb, Levitan & Cole, New York City, for plaintiff, Samuel Gottlieb, Harry Giesow, New York City, of counsel.

Meyer H. Lavenstein, New York City, for defendants, Rosenman, Goldmark, Colin & Kaye, New York City, Max Freund, Jerome L. Sindler, New York City, of counsel.

DIMOCK, District Judge.

Plaintiff, Elliott-McGowan Productions, producer of a motion picture photoplay entitled "Hellfire" brings this action against the distributors, Republic Pictures, Inc., and Republic Pictures Corporation, for a direction that Samuel Hacker & Co., certified public accountants, be permitted to inspect and audit the books of defendants relating to the distribution of the photoplay, for an accounting of all transactions with respect to the distribution of the photoplay and other relief. There are now three motions before me: one by defendants for a partial summary judgment pursuant to Rule 56 F.R.C.P., 28 U.S.C., and two by plaintiff, respectively for discovery and for a direction that questions on an examination be answered.

Defendants' motion for partial summary judgment is based on the contention that any claim arising more than two years prior to the commencement of this suit, August 10, 1953, is barred by the provisions of the contract between the parties. The pertinent part, Paragraph 7 of Section XI, provides:

"None of the parties hereto shall have or assert any claim, demand or cause of action for or because of any act or omission or other thing with regard to this contract, or growing out of it, or institute or maintain any action, suit or proceeding at law or in equity based on or growing out of or in reference to any such act or omission or other thing, unless such claim or demand shall have been asserted and such action, suit or proceeding shall have been commenced within two (2) years after the date of the act, omission or other thing to which it refers."

This action was commenced on August 10, 1953. Therefore the provisions of the contract would appear to bar all claims arising prior to August 10, 1951. Plaintiff presents two principal contentions why this should not be so, first because the provisions should not be so construed and second because defendants' conduct precludes their reliance thereon.

■ Plaintiff contends that the paragraph limits the time within which suit may be commenced after demand is made. Under this construction demand could be made at any time and suit could be commenced within two years after the demand. In effect this limitation would be no limitation at all. I read the agreement as requiring that demand be made and suit instituted within two years of the "act, omission or other thing" to which it refers.

■ Plaintiff also contends that, as the defendants broke the contract by issuing false reports, they cannot invoke the protection of the contractual limitation. The result of such a rule would be that a party could never set up a time limitation except in a case where he was proved blameless and where he would not need the time limitation. I reject the contention.

■■ The parties may by agreement shorten the period limiting the time for bringing suit. Riddlesbarger v. Hartford Insurance Co., 7 Wall. 386, 19 L.Ed. 257; Soviero Bros. Contr. Corp. v. City of New York, 286 App.Div. 435, 142 N.Y. S.2d 508. The defense of a contractual time limitation may be given effect by a summary judgment motion where it can be established by indisputable proof. Gifford v. Travelers Protective Ass'n, 9 Cir., 153 F.2d 209; Mulvihill v. Furness, Withy & Co., D.C.S.D.N.Y., 136 F.Supp. 201. If there is any dispute as to when a particular act or omission took place it can be determined at the trial, but everything prior to August 10, 1951 is barred.

■ Plaintiff cross-moves for an order requiring defendant to answer cer-

tain questions propounded to defendant's treasurer on an examination of defendant and to compel the discovery of certain records pursuant to Rule 34 F.R. C.P. Defendant opposes this motion for the reason, among others, that the motion is an attempt to circumvent the procedure established by contract between the parties for any examination of defendants' books.

Paragraph 3 of Section X of the contract between the parties provides:

> "The producer shall have the right, at its sole cost and expense, through any national firm of certified public accountants of standing comparable to Price, Waterhouse and Company, at all reasonable times during business hours, to inspect and audit and make extracts from said books and records and supporting documents and vouchers with reference to all such gross receipts and expenses and all other matters entering into the computations to be shown on the statements to be furnished by the distributor as hereinafter provided, but only insofar as such books, records, documents and vouchers relate to the distribution of said photoplay."

Paragraph 3 of Section X of the contract further provides:

> "No claim of the producer that any charge, computation or deduction shown or reflected in any statement rendered to the producer by the distributor as hereinafter provided is improper or inaccurate shall be asserted or maintained by the producer unless made in writing to the distributor within one (1) year after the date such statement is rendered, nor shall the producer have any right to audit or inspect any such books, records, documents or vouchers relating to transactions reported in any such statement unless such audit or inspection be commenced within one (1) year from the date that such statement is rendered."

The provision in this paragraph against inspection of any records relating to a statement more than a year old shows that the contract provisions for discovery were intended to be exclusive, for the one-year limitation would be completely nugatory if the producer retained the right of discovery under Rule 34 F.R.C.P.

I see no objection to giving effect to a party's agreement to contract away his right to discovery where the circumstances make such an agreement reasonable. Courts have upheld reasonable agreements for a short statute of limitations, Riddlesbarger v. Hartford Insurance Co., supra, or consenting that the courts of a foreign country should have exclusive jurisdiction over a claim, Wm. H. Muller & Co. v. Swedish-American Line, Ltd., 2 Cir., 224 F.2d 806.

The distributor's position is that the records are so confidential that only someone like a Price, Waterhouse accountant should be permitted to look at them and that the distributor therefore insisted when the contract was drafted that there should be no general right of discovery. In view of the legitimate objections to full discovery in this case and the reasonably effective substitute afforded I hold that the waiver is valid.

The result of the agreement between the parties is that the producer cannot have the benefit of the records until it is established that its candidate for auditor is of standing comparable to Price, Waterhouse & Company. The distributors have refused to permit the audit on the ground that the producer's candidate does not meet this standard. The producer has been well advised to seek a direction in this action that the distributor permit an audit by the producer's candidate. Until it has been established that the candidate has the requisite standing, the distributor's refusal to approve the producer's candidate does not, however, entitle the producer to discovery under Rule 34.

The producer's motion for a direction that defendant Republic Pictures Corporation answer the questions which its

treasurer said he could not answer without the records is granted insofar as the questions relate to transactions within the period beginning on August 10, 1951. A party defendant cannot evade answering proper questions, as the witness here attempted, by refusing to consult its records.

Motion for partial summary judgment granted to extent of dismissing claim insofar as it is based on liabilities arising out of acts or omissions which took place prior to August 10, 1951.

Motion for discovery denied.

Motion to compel answers granted insofar as questions relate to matters which took place within the period beginning on August 10, 1951, otherwise denied.