**HALL BARTLETT PRODUCTIONS, Inc.,**
Plaintiff,

v.

**REPUBLIC PICTURES CORPORATION,**
Defendant.

United States District Court
S. D. New York.
April 4, 1957.

626

Gainsburg, Gottlieb, Levitan & Cole, New York City, Samuel Gottlieb and Harry G. Giesow, New York City, of counsel, for plaintiff.

Rosenman, Goldmark, Colin & Kaye, New York City, Max Freund and Andrew J. Schoen, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The plaintiff is the producer of a motion picture which the defendant agreed to distribute for exhibition through its facilities. A written agreement evidenced their respective undertakings which amongst other matters required the defendant to advance the expenses of distribution for which the defendant was to reimburse itself out of the gross receipts. The defendant was required to "keep true and accurate books of account with respect to the photoplay, at its office in New York City, New York showing all items of gross receipts and all expenses of distribution and all other deductions from the gross receipts"; also to render periodic statements which were to include "in reasonable detail * * * the expenses of distribution and other deductions".

The plaintiff commenced this action charging amongst other matters that the statements rendered to plaintiff breached the foregoing provision in that they failed to contain reasonable itemization of the charges, credits, computations and deductions in connection with the distribution of the photoplay; it is also charged that the statements were inac-

curate, false and misleading; in addition other breaches of the distribution contract are asserted.

The plaintiff commenced to take the deposition before trial of the defendant through its treasurer who functions at the defendant's New York City office where all the information with respect to the photoplay is received from branch offices. When questioned as to various receipts, expenditures and disbursements he disclaimed personal knowledge.

█ The present motion is to compel the defendant to produce pursuant to a subpoena served under Rule 45(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., various records so that the treasurer may refer thereto during the course of his testimony. At the outset it is noted that at this time the plaintiff does not seek, and expressly disavows, a discovery and inspection. The production of the records is sought for the purpose of refreshing the memory of the witness and to enable him to testify as to an itemization of deductions set forth in the statements rendered, which plaintiff charges are contrary to the agreement. Accordingly the defendant's basic position that the motion should be denied because plaintiff is in effect seeking a discovery and inspection or more precisely an audit of the defendant's records contrary to the terms of the agreement which provides that only designated certified public accountants are authorized to inspect, audit, and make extracts of defendant's books and supporting records and then only within a year from the date of the rendition of the statement, is without merit.[1]

█ The question remains whether plaintiff has shown good cause to require the production of the records pursuant to the subpoena.[2] A review of the testimony thus far taken of the defendant's treasurer establishes that the plaintiff has met the test in sufficient degree to require their production, not for discovery and inspection by plaintiff, but to aid the witness to respond to questions relevant to the subject matter of the action. Repeatedly during the course of his examination, he stated his work in New York was of a supervisory nature; that he had not personally examined the supporting material on which the statements were based. Specifically, when questioned as to a breakdown of certain advertising charges and other miscellaneous items appearing on the statement, he replied he could answer only by reference to his records.

█ The defendant also opposes the production of the records on the ground it would be burdensome and impose an unnecessary hardship upon it since the New York office has only a summary of the figures whereas the details are contained in various branch offices through which the picture was distributed. However, as already noted the defendant was required to keep "true and accurate books of account with respect to the photoplay at its offices in New York City, New York showing all items of gross receipts and all expenses of distribution and all other deductions from the gross receipts." The fact that defendant now keeps the original records of receipts, expenditures and deductions and sup-

---

1. Both parties suggest that Judge Dimock in Elliott-McGowan Productions v. Republic Pictures, Inc., D.C., 145 F.Supp. 48, involving a substantially similar agreement to the current one, took a contrary view from mine on the issue of discovery and inspection. In this they are in error since my memorandum clearly shows (Civ. 87–129) I did not pass on that issue. Indeed Judge Dimock on plaintiff's motion for re-argument cor-

rectly noted that "Judge Weinfeld did not pass upon it. I do not see any conflict between my opinion of September 29, 1956 and the opinion of Judge Weinfeld dated May 13, 1955."

2. Cf. Sagorsky v. Malyon, D.C., 12 F.R.D. 486, 488, to the effect that where a subpoena is served requiring production of records which ordinarily would be the subject of a discovery motion under Rule 34, good cause must be shown.

porting documents and vouchers in its branch offices cannot serve as the basis to deny to plaintiff its right to obtain from defendant through its treasurer or other agent the details of the account and a proper examination. As stated by Judge Dimock in Elliott-McGowan Productions v. Republic Pictures, Inc., D.C., 145 F.Supp. 48, 50, 51, "A party defendant cannot evade answering proper questions, as the witness here attempted, by refusing to consult its records."

The defendant is directed upon its continued examination through the treasurer to produce all records which it has in its New York City office (which shall include the supporting accounting records upon which each statement submitted to plaintiff was based) but only for the purpose of refreshing the memory of the witness or to enable him to testify with respect to the matters which are the subject of the examination. In the event that the treasurer upon the production of the records from the New York City office is still unable to testify with respect to the supporting details of the receipts, expenditures and disbursements, the examination of the defendant shall be continued through the respective branch managers or other agents having knowledge of the facts at the various cities where the branch offices are located and where the appropriate records are maintained; upon the continued examination the records shall be produced for the purpose of aiding the witnesses to testify. This provision for the continued examination at the branch offices, instead of requiring the records to be brought to New York City, is made in view of the contract provision which restricts an examination by plaintiff of records not in New York City to the branch offices where they are located.

In the event of examination at any of the branch offices each party shall bear its own expenses which, however, shall be a taxable disbursement in favor of the successful party following a trial.[3]

Plaintiff also seeks an order to take the deposition of the defendant through its president. It appears the parties entered into a stipulation that the president was to be examined only if it developed during the course of the examination of defendant's treasurer that the president had "relevant or material knowledge or information concerning the matters at issue herein and that such knowledge or information cannot be obtained by the plaintiff from the testimony of any other officer, agent, employee or any other witness of the defendant". I am not at all persuaded, as plaintiff suggests, that the treasurer's answers given upon the examination thus far conducted establishes that the president has such information and that it cannot be obtained through the testimony of other officers. The treasurer swore he knew of no discussion which the president had effecting the distribution of the picture; that he was not present at any such discussion.

Under the circumstances this aspect of the motion is denied but with leave to renew on a proper showing within the terms of the stipulation of the parties.

Settle order on notice.

3. S.D.N.Y.(Civ.) Rule 4(a).