### DEEP SOUTH OIL COMPANY OF TEXAS, Plaintiff,

#### v.

### METROPOLITAN LIFE INSURANCE COMPANY, Texas Gas Corporation, Texas Eastern Transmission Corporation, Russell M. Riggins, John L. Buvens, Frederic W. Ecker, Hugh McConnell and Harry C. Hagerty, Defendants.

United States District Court
S. D. New York.
Dec. 22, 1959.

See also 21 F.R.D. 340.

Philip Handelman, New York City, for plaintiff.

Donovan, Leisure, Newton & Irvine, New York City, for defendants Metropolitan Life Ins. Co., Texas Gas Corp., Frederic W. Ecker, Hugh McConnell and Harry C. Hagerty, Roy W. McDonald, George S. Leisure, Jr., New York City, of counsel.

Kissam & Halpin, New York City, for defendant Texas Eastern Transmission Corp.

HERLANDS, District Judge.

This motion, brought by plaintiff under F.R.Civ.P. rule 37(a), 28 U.S.C.A.,

seeks to compel the defendant Ecker (one of eight defendants) to answer (as an individual defendant and as president of the defendant Metropolitan Life Insurance Company) certain questions propounded to him in the course of an oral deposition being taken pursuant to F.R. C.P. rule 26. Exhibit "A" attached to the moving papers sets forth twenty-one questions and related context which are the subject-matter of the instant motion.

An examination of the record shows that, with respect to each of questions I to XIX, inclusive, the witness answered, in substance that he had no present, personal knowledge sufficient to answer the question but that, in order to answer the question, it would be necessary for him to consult and examine company records and thus obtain or compile the data or information responsive to the question. The witness was not asked to examine records in order to refresh his recollection but, rather, to examine records to obtain information on the basis of which he could then answer.

■ Under the circumstances of this case and considering the nature of the details called for by the questions, the court is of the opinion that the witness should not be required to examine the company records and thereby obtain or prepare data in order to give oral answers to oral questions.

■ As a general rule, the taking of an oral deposition pursuant to F.R.C.P. rule 26, should not be converted in effect into an interrogatory procedure (Rule 33) or an inspection procedure (Rule 34) by the device of asking a witness a series of questions the answers to which he does not know and then directing him to prepare or formulate answers by examining books or records, which answers would then simply amount to a verbalization of what the witness found in the examined books or records. In the usual case, to sanction such a device would circumvent the particular procedures and objectives of Rules 33 and 34

and would disregard the functional differences between Rule 26 and Rules 33 and 34.

The cases cited by plaintiff deal with special situations not at all comparable to the facts herein. In Elliott-McGowan Productions v. Republic Productions, Inc., D.C.S.D.N.Y.1956, 145 F.Supp. 48, the plaintiff made two motions, one for discovery under F.R.C.P. rule 34, and the other for a direction that the treasurer of one of the defendants answer questions which said witness "said he could not answer without the records" (at pages 50–51). It appeared that, by virtue of express contract provisions, the parties had agreed on a specific procedure for the examination of defendants' books. Judge Dimock ruled (at page 50) that the plaintiff had effectively contracted away and waived its right to an inspection under F.R.C.P. rule 34; and, therefore, he denied the plaintiff's motion under that rule.

Judge Dimock granted the motion to compel answers because he found (at page 51) that the questions were "proper" and that the treasurer was attempting to "evade" answering them by stating that he could not answer without the records. The opinion does not set forth the questions or their substance; nor does it appear that the treasurer's answers, when given, would be predicated solely on the basis of whatever was in the records.

Judge Dimock's decision was subsequently adverted to by Judge Weinfeld in another case against the same defendant, Republic Pictures Corporation [Hall Bartlett Productions, Inc. v. Republic Pictures Corp., D.C.S.D.N.Y.1957, 20 F. R.D. 625], where a substantially similar contract and situation were involved. In the Hall Bartlett Productions, Inc. case, the defendant's treasurer disclaimed personal knowledge when examined as to various receipts, expenditures and disbursements. The motion before Judge Weinfeld was to compel the defendant to produce, pursuant to a subpoena served

under F.R.C.P. rule 45(b), various records so that the treasurer might refer thereto during the course of his testimony "only for the purpose of refreshing the memory of the witness or to enable him to testify with respect to the matters which are the subject of the examination" (at page 628). Judge Weinfeld found that, under the circumstances, the production of the records for the purposes stated did not amount to a discovery and inspection, and he ordered the records produced. Anticipating the possibility that the treasurer, upon the production of the records, might still be "unable to testify with respect to the supporting details of the receipts, expenditures and disbursements," Judge Weinfeld provided for the continued examination of the defendant through other corporate representatives (at page 628).

In Baim & Blank, Inc. v. Philco Corp., D.C.E.D.N.Y.1957, 25 F.R.D. 86, a treble damage action under the Robinson-Patman Act, 15 U.S.C.A. § 13 et seq., defendants attempted "to establish that the books of the plaintiffs do not fully reflect their business transactions." In the course of taking the deposition of the plaintiff's corporate officer, the latter was asked "whether certain purported sales were reflected in the corporate books." The plaintiff objected on the ground that the books speak for themselves, that they had been inspected and copied by the defendants, "and that the witness should not be required to compile this data."

Judge Bruchhausen pointed out: "Had not the trial been imminent, the defendants undoubtedly would have sought this information by interrogatories under Rule 33 of the Federal Rules." He also said that "the questions concerning the contents of the books are deemed to be in the same category as interrogatories." Judge Bruchhausen adjourned the trial, granted defendants' motion, and gave the plaintiff time to compile the data.

In the Baim & Blank case, one of the issues was whether the books themselves were correct and complete. The question put to the witness was eminently proper. Moreover, under the unusual circumstances there disclosed, the court exercised wide discretion to avoid further delay in the trial of the case.

In the case at bar, (1) questions I to XIX could more effectively and accurately be answered by utilizing written interrogatories, under F.R.C.P., rule 33; (2) the record does not indicate that the witness is attempting to evade answering the questions; (3) the witness was not asked to consult the records for the purpose of possibly refreshing his recollection; (4) the records were not subpoenaed for possible use to refresh the witness's recollection; (5) it does not appear that the witness is able to answer a substantial part of each of the questions and that the requested use of the records would be merely to enable him to fill in incidental details of his answers in order to make the answers complete; and (6) the trial calendar status of this case is not shown to be such as to justify this court's resorting to the short cut of converting the Rule 26 oral-deposition-taking into a Rule 33 interrogatories-procedure or a Rule 34 inspection-procedure.

In light of the foregoing circumstances, plaintiff's motion is denied as to questions I to XIX.

Plaintiff's motion is granted as to questions XX and XXI. The witness should, and hereby is directed to, answer question XX (as to who are the experts on gas) and question XXI (as to the salaries of Hagerty and McConnell), if he is able to answer said questions.

This opinion constitutes an order.