The **BESLY–WELLES CORPORATION, a corporation of Delaware, and Sellew Corporation, a corporation of Illinois, Plaintiffs,**

v.

**BALAX, INC., a corporation of Wisconsin, and John M. Van Vleet, an individual, Defendants.**

Civ. A. No. 64–C–170.

United States District Court
E. D. Wisconsin.

Jan. 3, 1968.

John R. Collins, Foley, Sammond & Lardner, Milwaukee, Wis., Daniel C. McEachran, Parker & Carter, Chicago, Ill., for plaintiffs.

S. L. Wheeler, Wheeler, Wheeler, House & Clemency, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have objected to certain interrogatories propounded by the defendants, and the defendants have made

several motions. They will be considered seriatim.

## DEFENDANTS' INTERROGATORIES
## 227–230

■ Defendants' interrogatories 227–30 ask the plaintiffs to itemize all facts which justify the naming of John Van Vleet, individually, in the complaint. The plaintiffs have objected to these interrogatories.

The plaintiffs contend that these interrogatories are repetitive of defendants' interrogatory 54. The latter asked the plaintiffs to identify or produce all evidence relied on to justify suit against Van Vleet individually. The plaintiffs answered that question and another branch of this court refused to require a more comprehensive answer thereto. In my opinion, no proper purpose would be served by requiring the plaintiffs to answer defendants' interrogatories 227–30.

## DEFENDANTS' MOTION
## TO PRODUCE LETTER

■ The defendants have moved this court to order the plaintiffs to produce a letter dated March 22, 1962; this letter was allegedly sent from the plaintiffs to their licensee, National Twist Drill & Tool Company.

The defendants first requested this letter from National Twist Drill, but that company declined to produce it on the ground that it contained "confidential technical information regarding operations under the license". The plaintiffs may have a copy of this letter, and the defendants have moved for its production under rule 34, which requires "good cause" to be shown for the production of documents.

The court concludes that the defendants have made a sufficient showing of good cause for production of this letter. Schlagenhauf v. Holder, 379 U.S. 104,

85 S.Ct. 234, 13 L.Ed.2d 152 (1965); Hauger v. Chicago, Rock Island & Pacific Railroad Co., 216 F.2d 501 (7th Cir. 1954).

However, since the letter may in fact contain confidential information about the license operation, the document should first be viewed by the court in camera. The plaintiffs are to transmit this letter to the court no later than one week from the date of this decision. The court will then make its own determination as to whether the letter contains relevant matter and whether it should be made available to the defendants in whole or in part.

## DEFENDANTS' INTERROGATORY
## 211A

The plaintiffs have objected to answering defendants' interrogatory 211A which inquires about depositions that have been taken by plaintiffs in regard to the commercial use and success of their forming or swaging taps. The defendants have asked the plaintiffs to state what efforts have been made by the plaintiffs in locating witnesses on the above topic. The names and addresses are requested of all persons who have been contacted as possible witnesses; in addition, the defendants want to know who made the contacts on behalf of the plaintiffs, and they want full identification of all correspondence that may have been used in making such contacts.

The defendants ask the court to compel the plaintiffs to answer the interrogatory. They also ask the court to order the plaintiffs to conduct no further discovery relating to commercial success until the defendants have had an opportunity to investigate the information which the plaintiffs will furnish if ordered to answer the interrogatory. The plaintiffs' objection is grounded on the fact that the search for witnesses on the subject of commercial success has been carried on under the direction of their counsel and, thus, it is claimed that

the entire subject comes under the protection of the work product rule.

█ Rule 33 allows interrogatories to be directed to any matter that may be inquired into under rule 26. The latter rule provides that it is permissible to inquire into the identity and location of persons having knowledge of relevant facts. However, this interrogatory does not ask for the names and locations of persons having knowledge of relevant facts; it asks for the efforts that have been made to locate witnesses on this subject. This goes to the attorney's preparation of his case for trial and therefore comes under the rule of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), which gives an attorney's work product a qualified immunity from discovery. The *Hickman* Case states at page 511, 67 S.Ct. at page 393:

> "Proper preparation of a client's case demands that he [the attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference."

In citing the principles as laid down in *Hickman,* the court in Uinta Oil Refining Company v. Continental Oil Company, 226 F.Supp. 495, 506 (D.Utah 1964) stated, "the detailed pattern of investigation and exploration in and of itself is not a proper subject for discovery."

█ What the defendants seek here goes to the exploratory efforts of the plaintiffs' counsel in preparation for trial. In attempting to locate witnesses on a certain topic an attorney will often talk to numerous prospects; the work product rule was designed to prevent unlimited interference with such preparations.

The plaintiffs will not be compelled to answer defendants' interrogatory 211A.

### DEFENDANT'S MOTION TO COMPEL ANSWERS FROM MR. EWALD

The defendants have moved pursuant to rule 37 to require Mr. Ewald, an employee of the plaintiffs, to answer certain questions asked him at a deposition held on July 20, 1967. Mr. Ewald was shown certain documents and then asked questions concerning them. Plaintiffs' attorney directed him not to answer these questions after the witness stated that he had never seen or studied the documents about which he was being questioned. Plaintiffs' attorney argues that the deponent should not have been required to educate himself on the spot for the purpose of giving testimony.

The defendants contend that Mr. Ewald is a "person having ordinary skill in the art", as envisioned by 35 U.S.C. § 103, and therefore it was proper to question him as they did. However, without first having an opportunity to study the documents, his answers may have been misleading and even erroneous. For example, a certain page of the Ex-Cell-O Thread Grinder Manual, which was shown to Mr. Ewald, may have indicated recommended grinding speeds, but it is possible that the surrounding pages of this manual qualified those recommendations.

█ There are limits as to what a witness should be required to do in order to prepare to answer oral questions. See Deep South Oil Company of Texas v. Metropolitan Life Insurance Company, 25 F.R.D. 81 (S.D.N.Y.1959).

█ In my opinion, the witness was not given reasonable time in advance to study the documents about which he was being questioned, and answers to such questions should not be required.

### DEFENDANTS' INTERROGATORIES 234–235

█ Plaintiffs object to defendants' interrogatories 234 and 235, which relate

to plaintiffs' German patent rights. The plaintiffs contend that such patent rights are not in any way involved in the present litigation. However, I am of the opinion that the responses to these interrogatories could lead to relevant evidence. Accordingly, the objections to interrogatories 234 and 235 are not well taken.

### DEFENDANTS' INTERROGATORIES
### 172–209

The plaintiffs have objected to answering defendants' interrogatories, 172–209. The defendants say that they have propounded these interrogatories because of the plaintiffs' improper denials to certain requests for admissions of fact in regard to a prior tap made by the Detroit Tap & Tool Company. The defendants wanted the plaintiffs to admit that this prior tool meets the claims of the patent in suit and that the tool (see defendants' exhibit 272) was in fact made in accordance with a Detroit Tap & Tool Company drawing (defendants' exhibit 208). The plaintiffs denied such requests, and the defendants then issued these rather detailed interrogatories in an attempt to obtain "proper answers to Defendants' Request for Admissions."

The plaintiffs object on the ground that the interrogatories call for them to apply their claim language to what they maintain is a spurious structure. They consider it improper for interrogatories to seek opinions, contentions, comparisons and conclusions as distinguished from facts. The plaintiffs further object on the basis that the defendants have all the information before them from which they can draw the same comparisons and conclusions they are asking the plaintiffs to make. Finally, the plaintiffs state that the defendants have the burden of proof concerning the subject matter of these interrogatories.

The defendants contend that the plaintiffs have waived any objections they may have to answering since they did not object to the requests for admissions. In the alternative, the defendants argue that the objections are illfounded since the questions seek to discover facts. They also contend that the interrogatories are within the realm of proper discovery since they seek to narrow the issues of this lawsuit.

It is my belief that the defendants' contentions in regard to any waiver theory are not well taken. Notwithstanding the fact that the plaintiffs may not have fully complied with rule 36 in denying the requests, the defendants have cited no authority to show that once a request for admission has been denied, no objections can be made concerning interrogatories propounded from that request. According to Rule 36, a denial must be specific and "shall fairly meet the substance of the requested admission." It does not follow, however, that because the interrogatories originated from the requests and were propounded so that the defendants could get a response that a "proper denial" would encompass all that the defendants now ask for. The objections to interrogatories 172–209 should be determined independent of any waiver theory the defendants have interjected.

Do the interrogatories seek factual responses or opinions, conclusions, comparisons and contentions? The interrogatories ask the plaintiffs to apply the claim language to a prior structure and drawing from which it was allegedly made; they ask the plaintiffs what a person skilled in the art would do in certain situations; and they ask the plaintiffs to state the differences between the drawing, exhibit 208, and the structure, exhibit 272.

All of these questions require more than a simple factual statement in answer. They require not only a construction of the claims in suit as applied to a prior device, but they also require

contentions and opinions. However, the mere fact that an interrogatory seeks opinions as opposed to facts does not make it improper *per se*. An opinion may be inquired into if the answer would serve some substantial purpose. 4 Moore, Federal Practice, § 33.17, pp. 2354–55 (2nd ed.). See also Meese v. Eaton Manufacturing Company, 35 F.R.D. 162 (N. D.Ohio 1964). Therefore, the crucial question to be resolved is whether answers to the present set of interrogatories would serve some substantial purpose.

There are many cases which discuss the purposes of discovery. One of the purposes is to narrow the controversy to the real points of dispute. The defendants desire to obtain a more precise statement from the plaintiffs concerning the subject matter before the court. The plaintiffs, on the other hand, argue that the defendants have all the information before them; they urge that the defendants not only know the claims, but that they have the exhibits and the burden of proof.

Rule 33 states that interrogatories can relate to any matters which can be inquired into under rule 26(b). The latter expressly allows for inquiry which relates to the claim or defense of the examining party. The factor which is especially significant in answering the substantial purpose test in the case at bar is that the defendants appear to have all the information they need to obtain what they are seeking from the plaintiffs. They know the plaintiffs' claims; in fact, plaintiffs' answer to defendants' interrogatory 30 applies the claims to the alleged infringing device. The defendants also have in their possession depositions of persons involved with the alleged construction of the prior device and its sale. Finally, the defendants have the drawing and structure in their possession.

What substantial purpose would the answers serve? The defendants do not need these answers to help them prove any of their defenses. They have within their own knowledge all the information from which to draw the same conclusions, comparisons, contentions, and opinions they ask the plaintiffs to draw concerning the relationship of the prior structure with the claims in suit. In my opinion, the defendants have not shown that the plaintiffs' answers to these interrogatories would serve a substantial purpose in expediting the lawsuit. The only purpose these answers would serve is to add to the already voluminous record in the case.

The plaintiffs' objections to defendants' interrogatories 172–209 must be sustained.

## CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. The plaintiffs' objections to defendants' interrogatories 227–30 be sustained.

2. The defendants' motion to produce the letter of March 22, 1962 be granted, subject to an in camera inspection by the court as outlined in this opinion.

3. The plaintiffs' objection to defendants' interrogatory 211A be sustained.

4. The defendants' motion to compel answers from Mr. Ewald be denied.

5. The plaintiffs' objections to interrogatories 234 and 235 be overruled.

6. The plaintiffs' objections to interrogatories 172–209 be sustained.