**In re FEDERAL SKYWALK CASES.**

**No. 81–0945–A–CV–W–5.**

United States District Court,
W.D. Missouri, W.D.

June 25, 1982.

</div>

Irving Younger, Williams & Connolly, Washington, D.C., Robert Gordon, Anderson, Granger, Nagels, Lastelic & Gordon, Kansas City, Mo., Robert L. Collins, Collins & Steinburg, Houston, Tex., for plaintiffs representing class.

Robert Driscoll, Stinson, Mag & Fizzell, Joseph Sherman, Jackson & Sherman, Michael E. Waldeck, Niewald, Risjord & Waldeck, Kansas City, Mo., for defendants' liaison committee.

Patrick McLarney, Shook, Hardy & Bacon, Max Foust, Morris & Foust, Kansas City, Mo., John Shamberg, Schneider, Shamberg & May, Shawnee Mission, Kan., for plaintiffs-intervenors.

## ORDER

SCOTT O. WRIGHT, District Judge.

On May 28, 1982, the Court issued an order requiring the defendants to produce three categories of non-privileged documents that were prepared after July 17, 1982. Several defendants have produced those documents to which they attach no specific claim of privilege, while others, alleging that all of the documents prepared after July 17, 1982, are privileged, have not produced any documents. Out of skepticism about the claims of privilege, the plaintiffs moved the Court to conduct an *in camera* review of the documents in order to determine whether the claims of privilege are valid. All but a few of the defendants contend that the Court lacks the authority to undertake an *in camera* inspection of the documents for the purpose of assessing the defendants' claims of privilege. For the reasons which follow, the Court finds that it has authority to conduct an *in camera* review of the documents and orders their immediate production in accordance with the limitations and procedures expressed in this opinion.

### I. *In Camera Review*

■ This Court has the power to conduct an *in camera* inspection of the documents to which the defendants have attached a claim of privilege. *Kerr v. United States District Court for the District of California,* 426 U.S. 394, 405, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1976); *United States v. Nixon,* 418 U.S. 683, 706, 94 S.Ct. 3090, 3106, 41 L.Ed.2d 1039 (1974); *Schwimmer v. United States,* 232 F.2d 855, 864 (8th Cir.) *cert. denied,* 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52 (1956). *See also, United States v. Reynolds,* 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); *Halkin v. Helms,* 194 D.C. App. 82, 598 F.2d 1 5 (1978); *Verrazzano Trading Corp. v. United States,* 349 F.Supp. 1401, 1407 (Cust.Ct.1972); *Besly-Wells Corp. v. Balax, Inc.,* 43 F.R.D. 368, 370 (E.D.Wis.1968). The question of whether a federal court sitting in a diversity case may conduct an *in camera* inspection of documents to which the defendants claim a privilege is an inquiry into the proper procedure which the Court must apply. *See, Byrd v. Blue Ridge Rural Electric Corp.,* 356 U.S. 525, 536–37, 78 S.Ct. 893, 900, 2 L.Ed.2d 953, *reh. denied,* 357 U.S. 933, 78 S.Ct. 1378, 2 L.Ed.2d 1369 (1958); *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1963). *See generally, Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The question is not controlled, as most of the defendants assert, by a decision of a state tribunal which concerns the appropriate procedure to be utilized by state courts in pretrial discovery proceedings. *Cf. State ex rel. Great American Insurance Co. v. Smith,* 574 S.W.2d 379 (Mo. 1978) (holding that an *in camera* proceeding should not be used to determine a claim of attorney-client privilege). An *in camera* proceeding is "not a rule intended to be bound up with the definition of the rights and obligations of the parties." *Byrd, supra,* at 536.

 

The state law of Missouri guides this Court in determining what substantive rule should apply with respect to the definitions of privileged documents. It cannot, however, dictate the manner in which this Court carries out its functions. *See generally, Byrd, supra* at 539–40. The demarcation between the substance of a claim of privilege and the procedure which a federal court in diversity must apply in discovery proceedings concerning the claim is clear. *See, e.g., Dixon v. 80 Pine Street Corp.,* 516 F.2d 1278, 1280 (2d Cir.1975). In *Schwimmer v. United States,* for example, the Eighth Circuit has recognized that the "existence of a privilege is not a basis for keeping the documents from having to be brought before the Court." *Schwimmer, supra* at 864. Thus, although Federal Rule of Evidence 501 requires this Court to apply Missouri law concerning the attorney-client privilege, federal law prescribes the manner in which the Court must conduct its inquiry to determine the existence of the privilege.

## II. *In Camera Inspection Procedure*

■ The Court has previously ordered the defendants to produce at the document depository all unprivileged documents created after July 17, 1981 concerning (1) admissions of fault by one or more of the defendants or their representatives, (2) statements indicating that one or more defendants realized prior to the collapse that the skywalks were unsafe, and (3) statements revealing the defendants' appraisals of their respective responsibilities for the design, construction, inspection, testing, maintenance and use of the skywalks. Some defendants have produced those documents; others contend that all of those documents are privileged. The Court, therefore, must make an *in camera* inspection of those documents that relate to the three categories listed and to which a claim of privilege has been asserted. The *in camera* production may exclude, however, correspondence between co-counsel in this litigation, legal research memoranda, and internal law firm memoranda dealing only with the mental impressions or strategies of attorneys.

These documents must be produced within twenty (20) days of the date of this order. The documents should be accompanied by an index which identifies each document by content, date, preparer, position of preparer and number of pages. The index will also be reviewed *in camera.* Within the twenty (20) days following the date of this order, the Court will schedule a conference with the parties in order to make arrangements for the deposit of the documents with the Court. Though the parties have already submitted excellent briefs on what constitutes "attorney-client privilege" and "work product," the parties may submit additional briefs within the twenty-day period.

Accordingly, it is hereby

ORDERED that the defendants submit those documents referred to in this order for *in camera* inspection by the Court within twenty (20) days of the date of this order.