**Samuel KATUNICH, Jane H.M. Rigo and Guy Serra, Plaintiffs,**

v.

**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Defendant.**

**Court No. 81–9–01158.**

United States Court of International Trade.

Nov. 3, 1983.

Samuel Katunich, Jane H.M. Rigo and Guy Serra, pro se.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (Sheila N. Ziff, Washington, D.C., on the motion), for defendant.

## MEMORANDUM AND ORDER

RE, Chief Judge:

In this action, plaintiffs, on behalf of the former employees of U.S. Steel's Monroeville Research Laboratory, challenge the Secretary of Labor's denial of certification of eligibility for benefits under the worker adjustment assistance program of the Trade Act of 1974, 19 U.S.C. §§ 2101–2487 (1976 & Supp. IV 1980). Plaintiffs move for an order allowing access to all confidential information contained in the administrative record herein, and defendant cross-moves for a protective order barring any disclosure.

The Secretary of Labor denied plaintiffs' certification because they failed to satisfy the third eligibility criterion of section 222 of the Trade Act of 1974, 19 U.S.C. § 2272(3) (1976). The Secretary's investigation disclosed that plaintiffs were engaged in activities related to the production of steel. Nevertheless, they could only obtain certification if their separation from employment "was caused importantly by a reduction for their services originating at facilities whose worker's independently meet the statutory criteria * * * and that reduction must be directly related to the product impacted by imports." 46 Fed. Reg. 35825 (1981). Since the Secretary

found that production at other U.S. Steel facilities was not adversely affected by imports, he concluded that plaintiffs' separation was not caused by a decline in production at those plants whose workers independently met the criterion of section 222(3). Therefore, certification was denied, and plaintiffs brought this action.

In an earlier opinion, *Katunich v. Donovan*, 5 CIT ——, Slip Op. 83–60 (June 17, 1983), the court first considered plaintiffs' motion for discovery and defendant's cross-motion. After reviewing the administrative record and finding it incomplete as to the factual basis for the Secretary's determination, the court withheld decision on the motions and remanded the case to the Secretary for the purpose of furnishing a more complete record. The Secretary has complied with the remand order, and the court may now consider the discovery request.

The information in question consists of the following: (1) a description of the functions and responsibilities of the Executive Offices of U.S. Steel; (2) data regarding the number of employees, layoffs, recalls and terminations at U.S. Steel's Executive Offices and research lab; and (3) the tonnage produced by various U.S. Steel facilities, the subject of other trade adjustment assistance investigations.

Plaintiffs contend that they seek disclosure of the confidential information to assist them with their case in chief, and to determine "whether the sealed information correctly reflects the true employee and production data at U.S. Steel Corporation for the period in question."

Defendant maintains that (1) plaintiffs have failed to state the nature of the information required, and in what respect it is essential for the prosecution of plaintiffs' case; (2) even under a protective order, the release of confidential business data to *pro se* parties, who are not bound by the rules of professional responsibility and conduct applicable to attorneys, may well discourage cooperation by businesses and others whose participation in the Secretary's investigation is essential; and (3) there would be difficulty in fashioning a protective order allowing *pro se* parties access to confidential information, and, at the same time, ensuring that the confidential information would not be disseminated in violation of the court's order.

Defendant further contends that plaintiffs had an opportunity to present facts in support of their petition at the administrative level, yet failed to exercise that right. Thus, defendant maintains that discovery is inappropriate at this stage of the proceeding for the purpose of refuting or supplementing the data in the administrative record. Moreover, defendant views discovery as inappropriate since the court is required by law to review the Secretary's determination on the basis of whether that determination is supported by substantial evidence as contained in the administrative record. 19 U.S.C. § 2395 (Supp. IV 1980).

Plaintiffs assert that their lack of formal legal training should not be a barrier to obtaining equal treatment before the law. Plaintiffs state that they would abide by any strictures or restraints imposed upon them to assure confidentiality of the information. Plaintiffs also submit that their ability to proceed, and ultimately their eligibility for adjustment assistance benefits, should not be prejudiced by the lack of any information that may have served as a basis for the Secretary's denial of certification of eligibility.

■ In exercising its discretion to release confidential information, the court must consider the need of plaintiffs for data in the prosecution of their case as well as the need of the Secretary to obtain confidential business information for future administrative proceedings. *American Spring Wire Corp. v. United States*, 5 CIT ——, 566 F.Supp. 1538 (1983). In every case, the party seeking disclosure must establish that the information sought is sufficiently relevant and necessary to the case to outweigh the potential harm of disclosure to the party from whom the information is sought. *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir.1980). *Hartley Pen Co. v. U.S. Dist. Court for So. Dist. of Calif.*, 287 F.2d

324, 331 (9th Cir.1961). *See 8 C. Wright & A. Miller, Federal Practice & Procedure,* § 2043, at 301–302 (1970). Finally, the court must balance plaintiffs' need for disclosure against the need of the government in the public interest to maintain confidentiality. *Nakajima All Co. v. United States,* 2 CIT 170, 174 (1981).

■ Of course, it is basic that each case turns on its own particular facts and circumstances. *See American Spring Wire Corp.* and cases cited therein, 566 F.Supp. at 1540. Moreover, prior to deciding whether to permit disclosure of confidential business information, the court may make an *in camera* inspection of the requested documents to determine their relevance. *See Besly-Welles Corp. v. Balax, Inc.,* 43 F.R.D. 368 (D.C.Wis.1968).

The court has made an *in camera* examination of the documents in question, and has considered the competing needs of the parties and the public interest. As a result of this examination, the court grants plaintiffs' motion for disclosure but only as to the employee and production data contained on pages 162–168 and 213–215 of the administrative record, and subject to the terms and conditions of the court's protective order. Accordingly, defendant's cross-motion barring disclosure is denied.

■ The court has also concluded that the description of the functions and responsibilities of the Executive Offices of U.S. Steel, appearing on page 162 of the record, bears little relevance to the Secretary's denial of certification. Therefore, plaintiffs are not entitled to access to that portion of the confidential administrative record.

The court fully appreciates the need to encourage the submission of business information, confidential and nonconfidential, to enable the Secretary of Labor properly to administer the worker adjustment assistance program. The court is also aware of the potential harm to those businesses that submit confidential information if that information were to be made public. Nevertheless, the court is equally sensitive to the need of a party, particularly a *pro se* litigant, "to fully prepare and present its legally authorized challenge to an administrative determination and to do so based on all available relevant material." *Connors Steel Co. v. United States,* 85 Cust.Ct. 112, 113, C.R.D. 80–9 (1980).

As to the relevance of the information sought to be disclosed, there is no doubt that employee and production data are essential to the Secretary's determination to certify a group of workers as eligible for trade adjustment assistance benefits. Without access to that data, the court is unable to see how plaintiffs can evaluate the basis of the Secretary's determination and present effective arguments designed to show that determination is not supported by substantial evidence. For the court to require plaintiffs to proceed blindly would inhibit the fair and just adjudication of the issues.

■ Furthermore, the employment and production data covers the period of January 1978 through August 1980. In view of the age of the data, the potential harm to U.S. Steel from disclosure and "any sensitivity previously possessed by this data has become *de minimis." Japan Exlan Co. v. United States,* 1 CIT 286, 288 (1980). Finally, the court rejects defendant's contention that disclosure should be denied because plaintiffs failed to state a particularized need for the confidential information. For the court to require the specificity sought by defendant would, in effect, require the court to prejudge "the existence of substantial evidence" for the Secretary's denial of certification. "Aside from demanding impossible prescience from the plaintiffs such an inquiry would result in a distorted and piecemeal judicial review." *Atlantic Sugar Ltd. v. United States,* 85 Cust.Ct. 128, 129, C.R.D. 80–14 (1980).

For the above reasons, it is hereby

ORDERED, that defendant's cross-motion barring disclosure is denied; and plaintiffs' motion for disclosure is granted, subject to the following terms:

1. All confidential employment and production data contained on pages 162

through 168 and 213 through 215 of the administrative record, transmitted to the court in connection with this action, shall be available to plaintiffs for examination and copying at the Office of the Clerk of this court during the business days of the 30-day period commencing on the date of entry of this order;

2. Plaintiffs shall not disclose this confidential information to anyone other than an expert permitted under paragraph 4 of this order;

3. Plaintiffs or any expert permitted under paragraph 4 of this order shall not use this confidential information for purposes other than this litigation or any remand or appeal of this matter;

4. Should plaintiffs consider the services of an expert necessary to the preparation of their case in this litigation, and the expert's services require the use of the confidential information in question, the plaintiffs shall, prior to providing confidential information to an expert, notify counsel for defendant of their desire to retain an expert and shall provide counsel for defendant with: (1) the *curriculum vitae* of the proposed expert; (2) a description of the measures for safeguarding the confidential information to be made available to the proposed expert; (3) a signed statement from the expert submitting himself or herself to the jurisdiction of the Court of International Trade and such reasonable sanctions as this court may deem appropriate in the event of a breach of the conditions of this order; and (4) a certification that the proposed expert is independent of the steel industry. No later than ten days from the date of receipt of the above-described information, defendant shall either consent to the use of the expert proposed by plaintiffs or indicate his objections in writing. If the parties are unable to agree upon an acceptable expert within ten days, plaintiffs may file an appropriate motion with the court;

5. Plaintiffs shall not make more than five (5) copies of any page of the confidential portion of the administrative record and shall maintain a record of any and all copies of confidential information made, to whom they were provided and when they are returned. All such copies shall be clearly marked as containing confidential information and that they are to be returned at the conclusion of this litigation;

6. Whenever any confidential portion of the administrative record subject to this protective order is not being used, it shall be stored in a locked vault, safe, safety deposit box, or other suitable container, in a designated location mutually agreed upon by plaintiffs and counsel for defendant. Plaintiffs shall inform the court in writing of the location;

7. Any documents, including briefs and memoranda, containing any of the confidential information subject to this order, which are filed with the court in this case or used for any other purpose, shall be conspicuously marked as containing information which is not to be disclosed to the public and arrangements shall be made with the Clerk of this court to retain those documents under seal, permitting access only to the court, court personnel authorized by the court to have access, plaintiffs and counsel for the defendant. Copies of all the foregoing documents, but with the confidential information deleted, shall be filed with the court at the same time that the documents containing the confidential information are filed;

8. Any briefs or memoranda containing confidential information shall be served on the other parties in a wrapper conspicuously marked on the front "Confidential—to be opened only by plaintiffs and counsel for the defendant," and shall be accompanied by a separate copy from which the confidential information has been deleted;

9. Upon the conclusion of this litigation and any appeal or remand of this matter, plaintiffs shall return all copies of the confidential portion of the administrative record, including copies held by persons authorized under this order to have access thereto. The return of those copies shall be accompanied by a certificate executed by plaintiffs attesting to the fact that the pro-

visions of this paragraph have been complied with in all respects; and

10. Plaintiffs or counsel for defendant shall promptly report any breach of the provisions of this order to the court.