**Samuel KATUNICH, Jane H.M. Rigo and Guy Serra, Plaintiffs,**

v.

**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Defendant.**

Court No. 81-9-01158.

United States Court of International Trade.

Nov. 30, 1984.

Samuel Katunich, pro se.

Jane H.M. Rigo, pro se.

Guy Serra, pro se.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Sheila N. Ziff, Washington, D.C., on brief), for defendant.

### MEMORANDUM OPINION AND ORDER

RE, Chief Judge.

Plaintiffs, on behalf of the former employees at the Monroeville Research Laboratory of U.S. Steel, filed a petition with the Secretary of Labor on August 13, 1980, for certification of eligibility for trade adjustment assistance benefits. Upon the denial of certification, plaintiffs, acting pro se, brought this action to challenge the Secretary's final negative determination.

■ This case is before the court for the fourth time. After its second remand, in *Katunich v. Donovan,* 8 CIT ——, 594 F.Supp. 744 (1984) (*Katunich III*), the Secretary of Labor, on reconsideration, determined that increased imports of steel products contributed importantly to the separation from employment of the former employees of U.S. Steel's Monroeville, Penn-

---

**10.** As part of Billingsley's plea agreement he agreed to cooperate with the government in locating Dixon.

sylvania, Research Laboratory. 49 Fed. Reg. 40,494 (1984). Hence, the Secretary reversed his earlier determination, and decided that plaintiffs were certifiable as eligible for adjustment assistance benefits.

In *Katunich v. Donovan,* 5 CIT —— (1983) (*Katunich I*), this Court reviewed the administrative record in this action, and found that it was incomplete since the Secretary failed to include the factual basis for his final negative determination. The court, therefore, remanded the action to the Secretary with instructions that he furnish the court with the basis of his final determination.

On July 11, 1983, the Secretary submitted a supplemental administrative record with additional information to support his prior determination. The court, after reviewing the supplemental record and the parties' need for information, granted plaintiffs' motion for disclosure, and directed that the action be submitted for determination upon the administrative record as prescribed by Rule 56.1 of the Rules of this Court. *Katunich v. Donovan,* 6 CIT ——, 576 F.Supp. 636 (*Katunich II*).

In *Katunich v. Donovan,* 8 CIT ——, 594 F.Supp. 744 (1984) (*Katunich III*), this Court, *inter alia,* found that the method utilized by the Secretary to determine the existence of "increases of imports" under section 222 of the Trade Act of 1974, 19 U.S.C. § 2272 (1982), was defective. Consequently, the court vacated the Secretary's determination that "increases of imports" did not contribute importantly to plaintiffs' separation from employment, and again remanded the action.

Pursuant to established policy of the Department of Labor, the Secretary has assessed import injury by comparing "increases of imports" for the year of separation with the year immediately prior to separation. *Paden v. United States Dep't of Labor,* 562 F.2d 470 (7th Cir.1977); *Int'l Union, United Auto. Aerospace and Agricultural Implement Workers v. Donovan,* 8 CIT —— (1984). It is a sound principle of administrative law that an administrative

agency must either follow or adhere to existing policies and precedents or explain its non-compliance or deviation. *See Secretary of Agriculture v. United States,* 347 U.S. 645, 653, 74 S.Ct. 826, 831, 98 L.Ed. 1015 (1954); *Atchison, T. & S.F.R. Co. v. Wichita Bd. of Trade,* 412 U.S. 800, 807, 93 S.Ct. 2367, 2374, 37 L.Ed.2d 350 (1973); *Public Interest Research Group v. F.C.C.,* 522 F.2d 1060, 1605–06 (1st Cir.1975), *cert. denied,* 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976). Therefore, in *Katunich III,* the court would not consider a base period other than the one enunciated and utilized in prior cases, unless the Secretary articulated a valid reason for the departure from his prior judicially approved practice. 8 CIT ——.

In *Katunich III,* it was evident that the Secretary's assessment of import injury was "not only inconsistent with prior case law, but with his own rulings." *Katunich III,* 8 CIT at ——. Moreover, the court found that ample data existed in the record for the Secretary to determine that "increases of imports" of steel products did contribute importantly to plaintiffs' separation from employment.

Upon remand, after applying the correct base period and reviewing all the available data, the Secretary reversed his earlier determination, and decided that plaintiffs were certifiable as eligible for trade adjustment assistance benefits. Since the Secretary has complied with the remand order of *Katunich III,* it is the determination of the court that the certification of eligibility of the former employees of U.S. Steel's Monroeville, Pennsylvania, Research Laboratory is supported by substantial evidence, and in accordance with law.

Accordingly, it is

**ORDERED** that the Secretary of Labor's determination is hereby affirmed.