Billy Joe BROWN, Sr., et al., Plaintiffs,

v.

**WACO FIRE AND CASUALTY COMPANY et al., Defendants.**

Civ. A. No. S76–13(C).

United States District Court,
S. D. Mississippi, S. D.

July 1, 1976.

C. R. McRae, Pascagoula, Miss., Dixon Pyles, Jackson, Miss., for plaintiffs.

William Rainey, Harry Allen, Gulfport, Miss., Dorrance Aultman, Hattiesburg, Miss., Rae Bryant, Jerry O. Terry, Gulfport, Miss., for defendants.

WILLIAM HAROLD COX, District Judge.

This Court is confronted at this time with four motions for protective orders and for orders to compel testimony from witnesses. Federal practice since 1938 has been somewhat revolutionized by the Federal Rules of Civil Procedure. These rules are designed and intended to provide for a better understanding and to receive a broader range and scope of application in furtherance of their announced purpose.

This case involves a suit for damages by and on behalf of these plaintiffs against these defendants. Jurisdiction is invoked here for diversity reasons. Some aspects of this same accident have been previously litigated and some are yet pending in the Southern Division of this district in Mississippi. Attorneys in these cases do not properly perform their duties to their clients, or to this Court by venting their irritations toward each other when the spirit and attitude of cooperation and coordination with each other is required and expected. In the first place, it must be noticed by any attorney acquainted with the practice here that our discovery processes when properly executed are superb. Mississippi is a common law state and most of our attorneys have been educated and experienced in the pleading and practice on the common law. Few, if any, attorneys realize the idea of giving the adversary anything unless absolutely

required to do so. That circumstance has accounted for much delay and retardation in the disposition of civil suits. Under the civil rules, a litigant is simply required to file a short and plain statement of his claim and a demand for judgment. If the adversary does not understand the basis of the claim, or wishes any kind of amplification of the factual basis of the claim, the complaint may not be said to be defective but the adversary must resort to the discovery processes to ascertain exactly what the plaintiff has in mind and his factual basis for relief. That is notice pleading which is an innovation of federal pleading and practice under the 1938 rules.[1]

Objection is interposed to questions directed to Mr. McRae as attorney for the plaintiffs. This attorney prepared the complaint in this case and resourcefully resorted to conclusionary averments which these defendants desire and are entitled to have amplified by the attorney as the author of the complaint in the instant case. The defendants are not entitled to elicit anything from the attorney which he confided with any of his clients. But what is written in this complaint as a charge against these defendants is simply not the proper subject matter of any confidential communication between attorney and client.[2] These defendants are entitled to have the attorney answer any question propounded to him relating to anything con-

---

1. *Conley et al. v. Gibson et al.,* 355 U.S. 41, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 the Court said: "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of

its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

2. In a disbarment case before the Supreme Court of Alabama in *Ex parte Griffith,* 278 Ala. 344, 178 So.2d 169, at 176, cert. denied 382 U.S. 988, 86 S.Ct. 548, 15 L.Ed.2d 475, the Court said: "Further, communications made by a client to an attorney which the attorney in the discharge of his duty is of necessity obliged to make public are not privileged. See *White v. State,* 86 Ala. 69, 5 So. 674. This rule is applicable to facts communicated by a client which are to be alleged in pleading. *Thornton,* supra, Sec. 118; 58 Am.Jur. Witnesses, Sec. 491."

tained in the complaint which they do not understand and want amplified and are entitled to have him tell them what proof he has, if any, to support such charges. The attorney privilege does not provide an absolute privilege against revealing anything other than information which the attorney got from his client, or which he communicated to his attorney in confidence.[3]

The *Hickman* case deals with attorney privilege and work product after a fashion in an instance where its announcement was not properly invoked. No just cause was presented to the Court for the production of any objective evidence. The plaintiff in that case did not pursue the witness under Civil Rule 26 as he may have done if he had employed the proper rule. The *Hickman* case has not been changed or modified or amplified since it was decided by the Supreme Court on January 13, 1947. That case, although it might be said to involve dicta, does throw some light on the problem.[4] Other courts in this Circuit have experienced difficulties with some of the facts here.[5] Litigants are no longer expected, or required to try their cases in the dark. Discovery processes here when properly exercised will enable a litigant to know just as much about his case as does his adversary before trial.

■ I have carefully examined the questions propounded to Fleecy Brown, Joe Edward Green, Billy Joe Brown, Sr., David Bender, C. R. McRae, William Gary Brown, Betty Brown, Thomas E. Bryant, Jr., and Thomas E. Bryant and am unable to approve the objections interposed with one minor exception. The wife was asked about a conversation with the husband and that, of course, is precluded by a proper exception. More time has been spent by the Court with these motions than could have been possibly expended in a full trial of the entire case. That is simply not permissible.

■ The attorneys request a protective order on the ground that depositions have been taken in other cases which are available for use here and that the request is burdensome and oppressive. A litigant need not answer any questions which are not relevant to the subject matter of the case. Such questions may be ignored in a discovery deposition, but all questions propounded by a litigant which shed some light on the accident in suit or the party responsible for the accident must be answered. The

---

3. 81 Am.Jur.2d § 199, pages 232–233 provides in part: "The courts have generally taken the view that the rule protecting communications between attorney and client does not apply to facts not communicated to the attorney by the client, but with which he became acquainted while engaged as attorney for that client, and that an attorney called as a witness is bound to testify as to any matter which comes to his knowledge in any other way than through confidential communications from his client. The privilege does not extend to information derived from other sources than through his client, even while he is acting as an attorney, and does not ordinarily extend to communications from third persons. It has been held that the attorney-client privilege is confined to those matters which can be said to emanate from the client, and thus does not cover material obtained or gathered by an agent who was retained by the attorney for the purpose of trial preparations, unless the material was of such a nature that it could be deemed a *'communication' from the client to the attorney.*"

4. In *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451 the Court was passing upon the application of Civil Rule 26 to an attorney for the plaintiff who was being interrogated about facts to support a pleading which he had prepared. The Court held: "We also agree that the memoranda, statements and mental impressions in issue in this case fall outside the scope of the attorney-client privilege and hence are not protected from discovery on that basis. It is unnecessary here to delineate the content and scope of that privilege as recognized in the federal courts. For present purposes, it suffices to note that the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories."

5. *Southern Railway Company v. Lanham et al.* (5 C.A.) 403 F.2d 119.

defendants are not entitled to a protective order. Experienced attorneys should use their knowledge and experience in cutting short any burdensome detail connected with their obligation in a litigated case.

All nine witnesses were wantonly instructed by counsel not to answer questions propounded to them. Such instructions must be ignored in furtherance of the orderly process of discovery and enlightenment here. The plaintiffs, of course, may not divulge any information confided to them by their attorney, and their attorney need not divulge any information confided to him in confidence by any of them. But the attorney for the plaintiffs shall make a full revelation to these defendants of any information requested of him and about which he may be asked concerning, or relating to the complaint and the evidence and testimony which he may employ to prove it. The questions asked the attorneys specifically excepted anything contained in the attorney privilege area, and was and is not subject to exception. The other eight witnesses, with the exception previously noted, will answer questions propounded to them by the defendants. Incidentally, interrogatories need not be propounded to any litigant in an unfriendly atmosphere, or in the office of an adversary attorney. There will be no protective orders in this case. The day and age of any litigant trying his case in the dark has long since expired forever.

The plaintiffs and the defendants are directed to furnish this Court with one order within ten days in accordance with the dictates of this opinion.