**GEORGE BERLEME, Plaintiff,**

**v.**

**TANIELU MATAGIESE, OLOSEPU TUILETOA, PETER MILLER, individually, and NATIONAL PACIFIC INSURANCE LIMITED, jointly and severally, Defendants.**

High Court of American Samoa
Trial Division

CA No. 38-98

January 14, 1999

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.
For Defendants, Jennifer L. Joneson

ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANTS MOTION TO COMPEL

On September 11, 1998, Defendants filed a motion to compel discovery. Defendants claimed that questions propounded during oral examination were repeatedly met with plaintiff George Berleme's ("Berleme") failure to respond, evasive or incomplete responses, and objections and instructions not to answer from the his attorney. · Berleme, on the other hand, contends that the questions asked were argumentative, meant to

harass, annoy and or embarrass the deponent. Berleme further contends that many of the questions asked are more appropriately directed towards defendant Peter Miller. Counsel for both parties were present for oral argument.

The purpose of pre-trial discovery is to (1) narrow and clarify the basic issues between the parties and (2) to ascertain facts or information relating to those issues in advance of trial. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). As such, the scope of pre-trial discovery is broad, allowing any matter, not privileged, which is relevant to the subject matter involved in the pending action whether it relates to the claim or defense of the party seeking discovery or the claims of any other party. T.C.R.C.P. 26(b)(l).

■ Although discovery is broad, deposition testimony is "usually limited to a factual examination, and may not be used to examine as to argumentative matters, or to elicit conclusions, opinions, or opinion evidence and must not require an expert opinion, or require inferences which may be drawn from facts." 27 C.J.S. Discovery § 32(1) (1959 & Supp. 1985). Objections are also proper as to the form of a question, especially if it assumes a predicate. *See* T.C.R.C.P. 32(d)(3)(B) (objections to the form of the question which "might be obviated, removed, or cured if promptly presented" are waived if not seasonably made before or during the deposition).

■ The motion to compel is granted as to questions 3, 4, 7, 8, 9, and 10. Under T.C.R.C.P. 37(a)(3), an evasive or incomplete answer is treated as a failure to answer. For question 3, Berleme failed to provide what factual basis he has, if any, to support his allegation that defendant Peter Miller, the Branch Manager of defendant National Pacific Insurance Limited ("NPI"), was unfit to perform his job and should be removed. Berleme claimed that the facts are "legal facts that I have no knowledge of." (Berleme Depo. 38:3-4). Berleme is compelled to answer the facts underlying the legal basis of his claim.

Similarly, Berleme was evasive as to question 4. Defendants provided a clear question in asking, "Are there any other false statements that you believe are the basis for [your] complaint for fraud." The response in this instance was "You have to be more specific" and "You'll have to see my lawyer because if I say no, you'd go with—if I say yes, you'd say what are they so see my lawyer, please. Jennifer, you must remember –." As the purpose of the discovery is to ascertain the underlying facts relating to the claims alleged, Berleme was clearly being evasive, and reluctant to provide the facts of his claim. Berleme is compelled to answer this question and any follow-up questions related to the answers given in response.

As to questions 7, 8, 9, and 10, the objection was that the question called for a legal conclusion. However, Defendants' attorney specifically requested the facts supporting the legal claim. Facts upon which the general allegations of a complaint are found and the claimed relationship between such facts are not properly objectionable on the ground that they call for legal conclusions. *See B-H Transp. Co. v. Atlantic & Pacific Tea Co.*, 44 F.R.D. 436, 438-9 (N.D.N.Y. 1968). In addition, a defendant is generally entitled to discover information that clarifies allegations of a complaint and to determine what proof supports those allegations. *Brown v. Waco Fire & Casualty Co.*, 73 F.R.D. 297 (S.D. Miss. 1976). These questions, therefore, must be answered.

■ In certain situations, Berleme requested that Defendants' attorney ask or see his attorney. The court in *Brown v. Waco Fire & Cas. Corn.*, 73 F.R.D. 297 (S.D. Miss. 1976) held that Defendants were "entitled to have [plaintiffs] attorney answer any question propounded to him relating to anything contained in the complaint which they do not understand and want amplified and are entitled to have him tell them what proof he has, if any, to support such charges." 73 F.R.D. at 298-99. If Defendants so desire,~ they may request that Berleme's attorney be deposed if Berleme is unable to provide the relevant facts of his allegations. *See Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986).

■ The motion to compel is denied as to the following questions: 1, 2, 5, 6, 11, 12, 13. In question 1, Defendants request the court compel Berleme to answer the question, "Because you don't trust anybody to make a kind gesture, you're calling him a liar?" This question is clearly an argumentative question which serves no purpose in providing additional discovery information.[1]

The motion to compel is also denied as to question 2. Despite Defendants' assertion that Berleme failed to answer the question as to what led him to believe that he had a right to challenge defendant NPI's decisions about hiring and firing employees, Berleme did in fact provide information regarding the basis for these claims. Rather than saying "see my lawyer" or refusing to answer the question as asserted by Defendants, Berleme responded forthrightly by stating:

> He showed me, in his second meeting, that he was doing something which wasn't quite legal by offering me to pay me, which he didn't have to do, and out of what he called a

---

[1] Under *Shelton*, opposing counsel may be deposed when (1) no other means exists to obtain the desired information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to case preparation. 805 F.2d at 1327.

dummy account which I don't know the law. But I do know— I have a feeling when something is right or wrong. And that was the reason why I took—I did not accept his two thousand, but I took it to my solicitor.

(Berleme Depo. 34:14-15). In addition to the above, Berleme also based his belief, that he could challenge NPI's decision, on the advice of his attorney. (Berleme Depo. 36:7).

■ As to question 5, Defendants asked, "With that information, you didn't give up anything, you didn't settle the case, you didn't go out and commit to a certain court of action at the hospital or incur expenses as a result of your conversations with them; isn't that true?" (Berleme Depo. 41:7-10). Berleme's counsel objected to the form of the question. Objections to the form of the question are proper objections for deposition, especially if it presumes a predicate. *See* T.C.R.C.P. 32(d)(3)(B). Rather than filing a motion to compel, counsel could have easily rephrased the question to elicit the information desired.

■ For question 11, Berleme's attorney objected to the question based on the attorney-client privilege. Defendants' attorney, however, failed to elicit information from Berleme's attorney articulating the basic rationale for asserting the privilege. The court, therefore, is without a record to permit a meaningful evaluation of the privilege claim. The motion to compel for this question, therefore, is denied.

■ In regards to question 12 on Exhibit 2, Berleme is not required to answer questions which are not within his knowledge. *See Besly-Welles Corp. v. Balax, Inc.*, 43 F.R.D. 368, 371 (E.D. Wis. 1968) (limits exist as to what a witness should be required to do in order to prepare to answer oral questions). Berleme admitted forthrightly that he had not seen Exhibit 2 before. Berleme, therefore, rightfully refused to answer any questions on Exhibit 2 posed by Defendants' persistent attorney.

Lastly, the court notes that resolving discovery disputes is viewed as an unfortunate use of the court's resources. In future, this court expects a good faith effort by both parties in resolving discovery disputes before court action.

The parties will bear the burden of their own costs.

It is so ordered.